# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-344V
Filed: March 7, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| M.G. *a minor by his parents* KATIE | * | |
| DAVIS *and* SCOTT GANNUSCIO, | * | |
| | * | |
| Petitioners, | * | Special Master Gowen |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Lawrence R. Cohan, Anapol Weiss, Philadelphia, PA, for petitioners.
Lara A. Englund, United States Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 3, 2015, Katie Davis and Scott Gannuscio ("petitioners") filed a petition on behalf of their minor son, M.G., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioners alleged that as a result of receiving influenza ("flu") and Hepatitis A ("Hep A") vaccines January 13, 2014, M.G. suffered ataxia. See Petition at Preamble. On August 30, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation. A decision awarding compensation to petitioners pursuant to the terms of the stipulation was issued August 31, 2016.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On March 1, 2017, petitioners filed an application for attorneys' fees and costs, requesting $25,974.00 in attorneys' fees and $4,350.07 in attorneys' costs, for a total fees and costs request of $30,324.07. See Petitioner's ("Pet.") Application ("App.") at ¶ 5. In accordance with General Order #9, petitioners state that they did not incur any fees or costs related to the prosecution of this petition. General Order #9 Statement, filed Mar. 7, 2017. Respondent filed a response to petitioner's application on March 2, 2017, stating that he "recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Respondent's Response at 3 (internal footnote omitted).

## I.  Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). In the present case, petitioners were awarded compensation pursuant to the terms of a joint stipulation. Therefore, petitioners are entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The requirement that attorneys' fees be reasonable also applies to costs. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992).

### a.  Reasonable Hourly Rates

Petitioners request rates of $400 per hour for Lawrence R. Cohan, $290 per hour for David J. Carney, and $125 per hour for paralegal work. Pet. App. at ¶¶ 1-3. Reasonable forum rate ranges were recently set by the undersigned in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). In McCulloch, I found the range of $350 to $425 per hour appropriate for attorneys with more than 20 years of

experience, $225 to $300 appropriate for attorneys with 4 to 7 years of experience, and $150 to $225 appropriate for attorneys with less than 4 years of experience. McCulloch, 2015 WL 5634323, at *19. A rate of $135 per hour was awarded to paralegals. Id. at *21.

The undersigned has addressed reasonable hourly rates for attorneys and paralegals at Anapol Weiss in several recent cases. See Shaikh v. Sec'y of Health & Human Servs., No. 13-767V, 2016 WL 4933613 (Fed. Cl. Spec. Mstr. Aug. 11, 2016); Rodd v. Sec'y of Health and Human Servs., No. 13-122V, 2016 WL 2727147 (Fed. Cl. Spec. Mstr. Apr. 13, 2016). The rate of $400 per hour requested for Mr. Cohan and the rate of $125 per hour for paralegal work are consistent with the rates awarded in Rodd and Shaikh, and the undersigned finds them reasonable here.

Mr. Carney's rate requires some adjustment. Petitioners' application states that Mr. Carney "has been litigating civil cases" for 6.33 years. Pet. App. at 3. Thus, Mr. Carney had less than 4 years of experience prior to November 2014.[3] In Rodd and Shaikh, Mr. Carney was awarded a rate of $275 per hour for work performed from the time that he accrued 4 years of experience through March 2016 and August 2016, respectively. 2016 WL 272714, at *2; 2016 WL 4933613, at *2. Mr. Carney billed for work on this case from December 5, 2014, to December 2, 2016. See Pet. App., Ex. A. Thus, Mr. Carney was in the McCulloch category of attorneys with 4-7 years of experience for the duration of this case. Mr. Carneys' billed rate of $290 per hour is inconsistent with the rate awarded in Rodd and Shaikh for work performed through August 2016. Petitioners' fee application states that "Mr. Carney's previously approved rate was $275 from 2010 until mid-2015." Pet. App. at 3. Rodd and Shaikh, however, awarded Mr. Carney $275 per hour for work performed through mid-*2016*. Petitioners' fee application also incorrectly states that the McCulloch rate range for attorneys with 4-7 years of experience is $280 to $300 per hour. Pet. App. at 3. As stated above, the correct range is $225 to $300. McCulloch, 2015 WL 5634323, at *19. The undersigned does not find a reason to depart from the rates awarded in Rodd and Shaikh, and will award Mr. Carney a rate of $275 per hour for work performed from December 2014 through October 2016. For work performed from November 2016 on, however, the undersigned finds it appropriate to award Mr. Carney his requested rate of $290 per hour. Mr. Carney had 6 years of experience as of November 2016, this putting him on the high end of the experience range for attorneys with 4-7 years of

---

[3] The undersigned notes that in Rodd, counsel's March 22, 2016, fee application stated that Mr. Carney had 5.50 years of experience, which indicated that he had 4 years of experience as of September 2016. 2016 WL 2727147, at *2. In Rodd, petitioner requested $275 per hour for all of Mr. Carney's work performed from December 2011 to March 2016. 2016 WL 2727147, at *2. Because it appeared that Mr. Carney had less than 4 years of experience prior to September 2014, he was awarded $225 per hour for his work performed prior to September 2014. $225 per hour is the highest McCulloch rate for an attorney with less than 4 years of experience. McCulloch, 2015 WL 5634323, at *19. In the present case, Mr. Carney's experience will be calculated based on the finding that he accrued 4 years of experience beginning in November 2014.

experience. In addition, an adjustment to account for attorneys' fee growth is warranted, as Mr. Carney's rate for December 2014 through October 2016 remained the same.

Accordingly, the undersigned will award Mr. Cohan a rate of $400 per hour for all work performed in this case. Mr. Carney will be awarded a rate of $275 per hour for work performed from 2014 through October 2016 and $290 per hour thereafter. Mr. Carney billed for 68.60 hours of work prior to October 2016 and 1.00 hour of work after October 2016. Petitioners' requested attorneys' fees will therefore be reduced by $1029.00. Paralegals will be awarded the requested rate of $125 per hour.

### b. Reasonable Hours Expended

Petitioner requests compensation for 11.10 hours expended by Mr. Cohan, 69.60 hours expended by Mr. Carney, and 10.80 hours of paralegal work. Pet. App. at ¶¶ 1-3. Petitioner's fee application includes a detailed log of the hours, dates and explanation of services performed on this case, and the names of the person providing the services. See generally, Pet. App., Exhibit A. On review of petitioner's billing record, the undersigned finds the number of hours expended reasonable.

### c. Costs

Petitioner requests $4,350.07 in attorneys' costs. See generally Pet. App, Ex. B. The requested costs consist primarily of medical record costs, the filing fee, and legal fees for establishing a guardianship. Id. at 1. Upon review, the undersigned finds the requested costs reasonable.

## II. Conclusion

Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total attorneys' fees and costs award of $29,295.07 reasonable.

**Attorneys' fees and costs are awarded as follows:**

> **(1) A lump sum of $29,295.07 in the form of a check payable jointly to petitioners and petitioners' counsel of record, Lawrence R. Cohan, of Anapol Weiss.**

The clerk of the court shall enter judgment in accordance herewith.[4]

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master
